# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-19-0372-020-F |
| ) | |
| STEPHANIE SOLIZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Stephanie Soliz, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 (Part B, Subpart 1).[1]  Doc. no. 97.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 99.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to a one-count superseding information charging her with a drug conspiracy in violation of 21 U.S.C. § 846.  The Probation Office prepared a final presentence investigation report (doc. no. 774), which calculated defendant's base offense level at 38.  Defendant received a two-level enhancement under U.S.S.G.[2] § 2D1.1(b)(5) because the methamphetamine was unlawfully imported from Mexico, and a two-level adjustment under § 2D1.1(b)(18) because defendant qualified for safety value, resulting in an adjusted offense level of 38.  Applying a three-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility, defendant's total offense level was 35.

---

[1] Because defendant is proceeding *pro se*, the court construes her motion liberally, but it does not act as her advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

[2] United States Sentencing Guidelines.

Based on her lack of a criminal history, defendant was assessed a criminal history score of zero, which established a criminal history category of I. With a total offense level of 35 and a criminal history category of I, defendant's advisory guideline imprisonment range was 168 months to 210 months.

At sentencing, the court adopted the presentence investigation report without change. The court then varied downward and sentenced defendant to a term of imprisonment of 100 months. Judgment was entered on January 28, 2022. Defendant did not file a direct appeal.

In her motion, defendant requests that her sentence be reduced pursuant to Amendment 821 (Part B, Subpart 1) to the Sentencing Guidelines, which became effective November 1, 2023 and has retroactive application, because she received zero criminal history points and satisfies all other required criteria.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. Id.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. See, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one

is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 1027), the court finds that defendant is not eligible for a sentence reduction under Amendment 821 (Part B, Subpart 1). The amendment reduces defendant's guideline range by two offense levels, reducing defendant's total offense level from 35 to 33. With an offense level of 33 and a criminal history category of I, defendant's amended guideline range would be 135 to 168 months' imprisonment.

However, under U.S.S.G. § 1B1.10(b)(2)(A), the court cannot reduce a defendant's term of imprisonment under § 3582(c)(2) to a term that is less than the minimum of the amended guideline range, unless defendant's term of imprisonment resulted from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B). Defendant's term of imprisonment of 100 months is less than the minimum of the amended guideline range and defendant's term of imprisonment did not result from a government motion to reflect substantial assistance under U.S.S.G. § 1B1.10(b)(2)(B). As such, defendant is not eligible for a reduction of sentence under Amendment 821 (Part B, Subpart1). Therefore, defendant's motion will be dismissed.

Accordingly, defendant Stephanie Soliz's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 1025) is **DISMISSED**.

IT IS SO ORDERED this 1st day of March, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0372p0188 (Soliz).docx